UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE BEDWELL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Respondents. | No. 2:18-cv-02878 TLN CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state pretrial detainee proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, the undersigned recommends summarily dismissing the federal habeas petition for lack of jurisdiction.

**I.　　Habeas Petition**

In her habeas application, petitioner alleges that she was "unlawfully held on criminal charges for 8 months, not arrai[g]ned or sentenced," and then involuntarily committed to Napa State Hospital. ECF No. 1 at 1. The Placer County Superior Court ordered petitioner transferred to the state hospital on or about July 11, 2018. The instant federal habeas corpus petition was filed on October 29, 2018.[1] In her only claim for relief, petitioner raises a "status and standing" challenge to her ongoing detention. ECF No. 1 at 6. Petitioner appears to argue that there is "prima facie

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule).

1

evidence" that the State of California is in "default by acquiescence, in possession of an Order/Writ for my release yet has not filed a return or released me." Id. Petitioner provides no further details or information about the alleged order requiring her release. In the request for relief, petitioner seeks her immediate release from custody as well as the return of her property that was stolen following her unlawful arrest which includes the bodies of her two sons which petitioner asserts that she holds the lien on. ECF No. 1 at 7.

**II.     Analysis**

Since petitioner is a state pretrial detainee, federal habeas relief is only available pursuant to 28 U.S.C. § 2241. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003) (citing Braden v. Judicial Circuit Court, 410 U.S. 484, 503 (1973) (explaining that § 2241 authorizes district courts to issue the writ of habeas corpus before a judgment is rendered in a state criminal proceeding)). The court declines to construe petitioner's habeas application as one pursuant to 28 U.S.C. § 2241, however, because it fails to raise any constitutional, statutory, or treaty based claim. See 28 U.S.C. § 2241(c) (stating that the writ shall not issue unless the pretrial detainee is in custody "in violation of the Constitution or laws or treaties of the United States"). Petitioner's allegation that the State of California does not have status or standing to continue to detain her does not raise a constitutional claim. The court is unable to discern the factual basis, much less any legal basis, supporting petitioner's claim for relief. Accordingly, this court lacks jurisdiction over petitioner's claim for relief. The instant habeas petition should therefore be dismissed based on lack of jurisdiction.

**III.    Plain Language Summary for Pro Se Party**

Since petitioner is acting as her own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court does not have the ability to review your habeas corpus petition because you have not been convicted pursuant to a state court judgment. As a state pretrial detainee, the proper manner of challenging your confinement at Napa State Hospital or at the Placer County Jail is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. Even if this court were to construe

your petition as one filed pursuant to § 2241, however, no relief would be available because there is no Constitutional, statutory, or treaty based claim presented in your petition. As a result, the undersigned is recommending that your case be dismissed without prejudice.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result in your case by filing "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice based on lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In her objections petitioner may address whether a certificate of appealability should issue in the event she files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed
/////
/////
/////

within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 26, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bedw2878.summdismiss.docx