UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE BEDWELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Respondents. | No. 2:18-cv-02878 TLN CKD P<br><br>ORDER AND AMENDED<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state pretrial detainee proceeding pro se in this federal habeas corpus action. On November 27, 2018 the undersigned issued Findings and Recommendations that the petition be summarily dismissed without prejudice based on lack of jurisdiction. Petitioner filed objections indicating that she filed a 28 U.S.C. § 2241 petition and not a 28 U.S.C. § 2254 petition based on her pretrial status. In the objections, petitioner also raised new constitutional claims for relief. ECF No. 10. In light of petitioner's objections, the court will vacate the Findings and Recommendations issued on November 27, 2018 and address petitioner's new claims for relief presented therein.

**I.　　Habeas Petition and New Claims for Relief**

In her original habeas application, petitioner alleged that she was "unlawfully held on criminal charges for 8 months, not arrai[g]ned or sentenced," and then involuntarily committed to Napa State Hospital. ECF No. 1 at 1. The Placer County Superior Court ordered petitioner

transferred to the state hospital on or about July 11, 2018.  The instant federal habeas corpus petition was filed on October 29, 2018.[1]  In her original claim for relief, petitioner raised a "status and standing" challenge to her ongoing detention.  ECF No. 1 at 6.  Petitioner appeared to argue that there is "prima facie evidence" that the State of California is in "default by acquiescence, in possession of an Order/Writ for my release yet has not filed a return or released me."  Id.  Petitioner provided no further details or information about the alleged order requiring her release.  In the request for relief, petitioner sought her immediate release from custody as well as the return of her property that was stolen following her unlawful arrest which included the bodies of her two sons which petitioner asserts that she holds the lien on.  ECF No. 1 at 7.

At the outset of her objections, petitioner noted that she filed a § 2241 petition.  ECF No. 10 at 1.  The court has reviewed the form petition that she submitted and although nearly identical to the court's form for filing a § 2254 habeas application, petitioner is correct that she submitted her claims for relief on a § 2241 habeas application.  Therefore, it is unnecessary to construe her habeas application as one filed pursuant to 28 U.S.C. § 2241.  Accordingly, petitioner has used the correct procedural vehicle to challenge her ongoing pretrial detention by state authorities.

Turning to the constitutional claims presented in petitioner's objections, she stated that her Eighth Amendment right against cruel and unusual punishment has been violated based on the excessive bail ordered in her case.  ECF No. 10 at 2.  Petitioner alleges that she is currently being held with no bail although she does not indicate what criminal charges are pending against her.  Id.  Petitioner also alleges that her right to a speedy trial was violated, but she fails to provide any further factual details to support this claim.  Id.  Additional claims for relief include petitioner's allegation that her right to due process was violated by entrapment.  Id.  Petitioner spends the remaining portion of her objections challenging the lack of medical care and a Jewish diet while incarcerated.  ECF No. 10 at 3.

////

////

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule).

## II. Analysis

In reviewing the amended claims for relief, the undersigned finds that petitioner has alleged the "violation of the Constitution or laws or treaties of the United States" so as to vest this court with jurisdiction. See 28 U.S.C. § 2241(c). However, federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his or her defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014 (1980). In the present case, petitioner has failed to demonstrate any extraordinary circumstances which warrant federal intervention in her pending state criminal prosecution. Therefore, the undersigned recommends summarily denying petitioner's 28 U.S.C. § 2241 application based on the Younger abstention doctrine.

To the extent that petitioner raises challenges to the conditions of her confinement including the denial of medical care and a Jewish diet, the undersigned recommends denying these claims without prejudice to filing them in a separate civil rights action pursuant to 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). However, as a practical

matter, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") complicate a court's decision to recharacterize a habeas petition as a civil rights complaint. Due to the PLRA's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he or she clearly expresses a desire to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e; Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (holding that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). Thus, in this circumstance, the court will not recharacterize petitioner's habeas application as a federal civil rights action because it is not amenable to doing so and the petitioner has not consented. Instead, the undersigned recommends denying these claims without prejudice to filing them as a federal civil rights action pursuant to 42 U.S.C. § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations entered on November 27, 2018 (ECF No. 8) are vacated.
2. Petitioner's objections filed on December 6, 2018 (ECF No. 10) are construed as a motion to amend the § 2241 petition.
3. So construed, the motion to amend is granted and petitioner's § 2241 petition is amended to include the due process, Eighth Amendment, and speedy trial violations contained in her December 6, 2018 Objections.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be summarily denied based on the Younger abstention doctrine. Id.
2. Petitioner's challenges to the denial of medical care and a Jewish diet while confined be denied without prejudice to filing them in a 42 U.S.C. § 1983 civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In her objections petitioner may address whether a certificate of appealability should issue in the event she files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 14, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bedw2878.amendedf&r.docx