UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE BEDWELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Respondents. | No. 2:18-cv-02878 TLN CKD P<br><br>ORDER AND AMENDED<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state pretrial detainee incarcerated in the Placer County Jail who is proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2241. On December 14, 2018 the undersigned issued Amended Findings and Recommendations that the petition be summarily denied based on the Younger abstention doctrine. ECF No. 11. To the extent that petitioner challenged the denial of medical care and a Jewish diet while confined, the undersigned recommended denying these claims without prejudice to filing them in a 42 U.S.C. § 1983 civil rights action. Id. On January 22, 2019, petitioner filed a motion to amend the pending § 2241 petition. ECF No. 14.

**I.　　Motion to Amend**

Petitioner's motion to amend was originally filed as a new federal habeas action in Bedwell v. Placer County, Case No. 2:19-cv-0175 AC P. However, since petitioner's § 2241 application was still pending, it was construed as a motion to amend and was ordered filed in the

1

instant habeas action in accordance with Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). See ECF No. 5 in 2:19-cv-0175 AC P. Accordingly, the court will overlook any procedural deficiencies related to the motion to amend, including the lack of a proposed amended § 2241 petition.

Under Federal Rule of Civil Procedure 15(a), a litigant may amend his pleadings once as a matter of course within 21 days after serving it or within 21 days after a responsive motion is filed. See also 28 U.S.C. § 2242 (providing that a habeas corpus application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). In this case, leave of court to amend is not needed because the habeas petition has not been served, nor has a responsive motion been filed. Accordingly, petitioner may amend her § 2241 petition as a matter of right. The undersigned recommends granting petitioner's motion to amend her 28 U.S.C. § 2241 petition.

## II. Claims for Relief

In her original habeas application, petitioner alleged that she was "unlawfully held on criminal charges for 8 months, not arrai[g]ned or sentenced," and then involuntarily committed to Napa State Hospital. ECF No. 1 at 1. The Placer County Superior Court ordered petitioner transferred to the state hospital on or about July 11, 2018. The instant federal habeas corpus petition was filed on October 29, 2018. In her original claim for relief, petitioner raised a "status and standing" challenge to her ongoing detention. ECF No. 1 at 6. Petitioner appeared to argue that there is "prima facie evidence" that the State of California is in "default by acquiescence, in possession of an Order/Writ for my release yet has not filed a return or released me." Id. Petitioner provided no further details or information about the alleged order requiring her release. In the request for relief, petitioner sought her immediate release from custody as well as the return of her property that was stolen following her unlawful arrest which included the bodies of her two sons which petitioner asserts that she holds the lien on. ECF No. 1 at 7.

Petitioner's motion to amend mainly consists of descriptions of broad legal principles without any factual details concerning how they apply to petitioner's case. Despite this challenge, the court has gleaned two additional claims for relief: 1) a speedy trial violation based

on delays in receiving a preliminary hearing; and, 2) a conclusory ineffective assistance of trial counsel claim. By way of relief, petitioner seeks an order of mandamus "to cease and desist" proceedings in the Placer County Superior Court, her immediate release from the Placer County Jail or bail, the impeachment or removal of unnamed judges and members of the Public Defender's and District Attorney's offices, an immediate investigation by the FBI and the U.S. Marshals, and punitive damages for her mental and emotional distress. ECF No. 14 at 18.

**III. Analysis**

Liberally construing petitioner's § 2241 claims to include all of those in the original petition and those in the motion to amend, the undersigned recommends summarily dismissing the petition based on the Younger abstention doctrine. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (stating that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…, the judge must dismiss the petition…."); Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (clarifying that "the rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution.").

In reviewing the claims for relief, the undersigned finds that petitioner has alleged the "violation of the Constitution or laws or treaties of the United States" so as to vest this court with jurisdiction. See 28 U.S.C. § 2241(c). However, federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994); Kenneally v. Lungren, 967 F.2d 329, 331–32 (9th Cir. 1992). If all three of these factors are met, the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury. See

Kenneally, 967 F.2d at 331; Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown."). Here, all three criteria for Younger abstention are present and petitioner has not demonstrated that this is an extraordinary case justifying an exception to the Younger abstention rule.

First, it is apparent from the face of the petition that state criminal proceedings were ongoing when petitioner filed the 28 U.S.C. § 2241 petition. See Beltran v. State of California, 871 F.2d at 782 (for purposes of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed").

Second, the prosecution of criminal laws serves an important state interest. "The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014 (1980).

Third, petitioner has the ability to raise her constitutional claims in state court proceedings. Under Younger, abstention is required unless a petitioner can demonstrate that state law "clearly bars" the assertion of his federal constitutional claims in the pending SVPA proceedings. See Middlesex, 457 U.S. at 432 (citation omitted). In this case, petitioner does not assert any reason why her claims cannot be heard in state court.

For all these reasons, petitioner has failed to demonstrate any extraordinary circumstances which warrant federal intervention in her pending state criminal prosecution. Therefore, the undersigned recommends summarily dismissing petitioner's 28 U.S.C. § 2241 application based on the Younger abstention doctrine.

////

4

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations entered on December 14, 2018 (ECF No. 11) are vacated based on petitioner's subsequently filed motion to amend.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion to amend (ECF No. 14) be granted and petitioner's § 2241 petition be deemed to include the additional speedy trial and ineffective assistance of counsel claims contained in the motion.

2. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice based on the Younger abstention doctrine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In her objections petitioner may address whether a certificate of appealability should issue in the event she files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 6, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bedw2878.3rdF&R.docx